IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AED EL-SABA, | * |
| | * |
| Plaintiff, | * |
| | *   CIVIL ACTION NUMBER: |
| v. | *   1:15-CV-00087-KD-N |
| | * |
| UNIVERSITY OF SOUTH ALABAMA, | * |
| | * |
| Defendant. | * |

**JOINT MOTION FOR PROTECTIVE ORDER**

In accordance with the Court's Rule 16(b) Scheduling Order (Doc. 31) and Fed. R. Civ. P. 26(c), the parties jointly submit the attached proposed Protective Order for consideration and entry by the Court concerning treatment of confidential materials that may be exchanged in the course of discovery and used in this case.

Respectfully submitted this 10th day of November, 2015.

For Plaintiff:

By: /s/ *J. Courtney Wilson*, by consent

J. Courtney Wilson
(admitted *pro hac vice*)
J. COURTNEY WILSON
1510 Veterans Boulevard
Metairie, LA  70005
Telephone:     (504) 832-0585
Fax:                 (504) 846-2400
Email:             cwilson@courtlaw.net

For Defendant:

By: /s/*Christine Harding Hart*

Windy C. Bitzer (BITZ7315)
Christine Harding Hart (HARTC5687)
HAND ARENDALL LLC
RSA Tower, Suite 30200
11 North Water Street
Mobile, Alabama 36602
Post Office Box 123
Mobile, Alabama 36601
Telephone: (251) 432-5511
Fax: (251) 694-6375
wbitzer@handarendall.com
chart@handarendall.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AED EL-SABA, | * |
| | * |
| Plaintiff, | * |
| | * CIVIL ACTION NUMBER: |
| v. | * 1:15-CV-00087-KD-N |
| | * |
| UNIVERSITY OF SOUTH ALABAMA, | * |
| | * |
| Defendant. | * |

## [PROPOSED] PROTECTIVE ORDER

Upon due consideration of the Parties' Joint Motion for Entry of Protective Order, submitted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and this Court's Rule 16(b) Scheduling Order (Doc. 31), the Court hereby ORDERS:

1. <u>"Confidential" Materials</u>. All documents or other tangible things, including, without limitation, audiotapes, videotapes, computer disks, recordings and photographs, produced by any party to another party in this action, under Rule 26, 30, 33, 34 or 45 of the Federal Rules of Civil Procedure, by agreement of the Parties, or otherwise, and that are marked "Confidential" by the producing party shall be treated as "Confidential" materials under this Order.

2. <u>Restrictions on Disclosure of "Confidential" Materials</u>. Except with written prior consent of all parties and nonparties asserting confidential treatment, and except as provided elsewhere in this Order, materials designated "Confidential", and all information contained therein or derived therefrom, may not be disclosed to any person other than:

    (a)   The Parties to this litigation and their employees and agents;

    (b)   Counsel for the Parties in this suit;

1

  (c) Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit.

  (d) Actual or potential deposition or trial witnesses in this action; and

  (e) Outside consultants and experts retained for the purpose of assisting counsel and the parties in this prosecution and/or defense of this suit.

  3. <u>Litigation Use Only</u>. All "Confidential" materials, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including personal, business, governmental or commercial, or in any other administrative, arbitration or judicial proceeding or actions.

  4. <u>Review of Own "Confidential" Materials</u>. The restrictions of this Order shall not apply to parties or nonparties, and their employees, attorneys, experts or their authorized agents, when reviewing their own "Confidential" materials.

  5. <u>No Waiver</u>. The inadvertent or unintentional failure by either party to designate Confidential materials properly shall not be deemed a waiver in whole nor in part of the producing party's claim of confidentiality as to the specific document or information disclosed. Within a reasonable period of time following the producing party's discovery that a document or information was not correctly designated, the producing party shall provide notice in writing to the other parties that the document or information was inappropriately designated. The producing party shall then have seven (7) business days in which to re-designate and produce the properly designated document or information. During the seven days after notice, the document or information shall be treated as Confidential.

  6. <u>Objections to Designation</u>. If a party reasonably believes that any document or

information should not have been designated as "Confidential" that party must specify, in writing, to the producing party: (a) the document or information at issue and; (b) the grounds for questioning the confidentiality designation. The party questioning the designation and the producing party must confer in good faith to attempt to resolve informally, and the objecting party has ten (10) days to move the Court for a ruling that such matter should be reclassified as exempt from this order. Until the Court rules, the challenged "Confidential" designation, as originally marked by the producing party, shall remain in effect. A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not preclude any subsequent challenge.

7. <u>Third Parties Bound</u>. No person authorized under the terms of this Order to receive access to "Confidential" materials shall be granted access to such materials unless and until such person has read this Order and agreed to be bound by it.

8. <u>Notice of Breach</u>. It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing party and producing parties of such breach or threatened breach.

9. <u>Depositions</u>. To the extent that any "Confidential" materials or information obtained therefrom is used in the taking of depositions, or to the extent that any "Confidential" materials or the contents thereof is discussed during a deposition, all such documents and information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the "Confidential" materials and information. At the time any "Confidential" materials is used in any deposition, the reporter will be informed of this Order and will be required to operate in a manner consistent with this Order.

10. <u>Filing</u>. Before filing any motions, briefs, legal memoranda, or other papers with

the Court which may disclose the contents, in whole or in part, of "Confidential" information, the filing party shall move the Court to make the filing under seal, pursuant to General Local Rule 5.2.

11. **No Admission.** Nothing contained in this Order, nor any action taken in compliance with it shall:

    (a) Operate as an admission by any party that a particular document, material or information is, or is not, confidential;

    (b) Operate as an admission by any party that a particular document, material or information is, or is not, subject to discovery or admissible into evidence at the trial of this suit.

12. **Interim Protection.** "Confidential" materials produced by any party or nonparty through discovery in this suit prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order had already been entered by the Court, unless the Court directs otherwise.

DONE on this the _____ day of _____, 2015.

                                                              _____
                                                               UNITED STATES MAGISTRATE JUDGE