IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AED EL-SABA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNIVERSITY OF SOUTH ALABAMA, )<br>    Defendant. ) | CIVIL ACTION NO. 15-00087-KD-N |

## ORDER

This action is before the Court on the motion to reconsider (Doc. 59) filed by Plaintiff Aed El-Saba, which requests that the Court vacate its previous Order (Doc. 58) denying El-Saba's motion to compel discovery, re-open certain depositions, disqualify counsel, and extend the deadline for dispositive motions (Doc. 56) (hereinafter, "the motion to compel, etc.") both as untimely and for failure to include a good-faith conferencing certification.

> "In the interest of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Prod., Inc.,* 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted). Generally, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley,* 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003). *See also Douglas Asphalt Co., v. QORE, Inc.,* 657 F.3d 1146, 1151–1152 (11th Cir. 2011). However, "[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued [ ]" *Sanderlin v. Seminole Tribe of Fla.,* 243 F.3d 1282, 1292 (11th Cir. 2001) (citations omitted), and "cannot be brought solely to relitigate issues already raised [,]" *Harris v. Corrections Corp. of America,* 2011 WL 2672553, *1 (11th Cir. Jul.22, 2011).

*Bumpers v. Austal, U.S.A., L.L.C.*, Civil Action No. 08-0155-KD-N, 2015 WL 162610, at *1 (S.D. Ala. Jan. 13, 2015).

Here, the only ground for reconsideration that is reasonably apparent from the motion is "the need to correct clear error or manifest injustice." However, El-Saba has failed to demonstrate that either clear error or manifest injustice requires reconsideration of the Court's prior determination that he failed to show diligence in bringing the motion to compel, etc., almost two weeks after the deadline for discovery had passed.

El-Saba claims that the Defendant's amended privilege log produced on July 14, 2016, four days before the discovery cutoff, "completely, unexpectedly exploded the scope and significance of the required motion practice…" (Doc. 59-1 at 4). Initially, El-Saba's counsel, "not wanting to move for a second modification of the scheduling order, had thought he could timely cope with any assertions of privileges and problems with Alam's deposition" and "that it would not be necessary to file a motion for leave to file the motion to compel out of time, nor one to modify the scheduling order to take any depositions that might be compelled." (*Id.*). However, due to other work commitments and the difficulty "Eleventh Circuit privilege law proved," "[a]s the deadline loomed, it became obvious that counsel could not meet it." (*Id.* at 5).

Accepting these representations as true, they show that, prior to the discovery cutoff, El-Saba's counsel was aware (1) significant discovery issues had been raised very close to the discovery deadline, and (2) he would not be able to

complete his motion to compel, etc. prior to the deadline. In light of this, El-Saba has given no reasonable excuse why he did not move to extend the discovery deadline on the basis of these consideration, rather than let it pass without comment as he continued to draft the motion to compel, etc., over the course of almost two additional weeks as the deadline for dispositive motions loomed. These concerns "could and should have been" raised prior to close of discovery; at the very least, they could have been raised contemporaneous with the motion to compel, etc. to excuse its tardy filing. As was pointed out in the Order El-Saba seeks reconsideration of, the scheduling order made clear that discovery motions were expected to be brought "to give adequate time for the court to consider them" – at the very least, no later than the discovery deadline. (*See* Doc. 58 at 1). Moreover, counsel for El-Saba acknowledges anticipating that at least a "limited extension" of discovery would be "a necessary component of the grant of the motion." (Doc. 59-1 at 6 – 7). Indeed, the motion to compel, etc. requested, in addition to the production of additional documents, the reopening of depositions for no less than five deponents. (*See* Doc. 56).[1]

---

[1] El-Saba argues that the Court should find "excusable neglect" for his tardy filing after consideration of the five-factor test in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). However, Federal Rule of Civil Procedure 16(b)(4)'s "good cause" standard applies when excusing a motion filed after a scheduling order deadline, rather than the "excusable neglect" standard in Federal Rule of Civil Procedure 6(b). *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (per curiam).

As El-Saba has not given the Court reason to reconsider its order denying his motion to compel, etc. as untimely, it is **ORDERED** that his motion to reconsider (Doc. 59) is **DENIED**.[2]

**DONE** and **ORDERED** this the 11th day of August 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The motion to reconsider also provides the good-faith conferencing certification that was lacking in the motion to compel, etc., explaining that it was inadvertently omitted. (*See* Doc. 59-1 at 7).